IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCKHILL DIVISION

| | |
|---|---|
| Angelic Cassandra Rorrer [Whitfield],<br><br>Plaintiff,<br><br>v.<br><br>JW Revocable Living Trust Attorney-in-Fact for Joseph Whitfield,<br><br>Defendant. | C/A No. 0:23-cv-02567<br><br><br><br>**ORDER** |

## I.     INTRODUCTION

This matter is before this Court on Defendant, JW Revocable Living Trust Attorney-in-Fact for Joseph Whitfield's ("Defendant") Notice of Removal styled as "Original Notice of Removal as a General Equity Interpleader." (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), the case was referred to a Magistrate Judge for review.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this matter should be remanded to the Family Court for York County, South Carolina. The Report sets forth, in detail, the relevant facts

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

1

and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

The parties were advised of their rights to object to the Report which was entered on the docket on July 25, 2023. (ECF No. 11). Defendant timely filed objections on August 9, 2023. (ECF No. 15). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). A district court is only required to conduct a de novo review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing One Parcel of Real Prop. Known as 2121 E. 30th St., 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report

2

thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.     DISCUSSION

Defendant removed this case from the Family Court in York County, South Carolina where Defendant is a party to a divorce and child custody proceeding. *See* 2019-DR-46-1380 and 2016-DR-46-1988, York County Family Court. The basis for Defendant's removal is not entirely clear as he states:

> "[Defendant] presents this Notice of Removal as a General Equity Interpleader, related to a gold contract, in excess of the jurisdictional minimum of this Court ($75,000.00) for the purpose of settlement of conflicting claims and exposure to multiple liabilities and losses and to disclaim his interests for acquittal and discharge by operation of law, invoking the *original and exclusive jurisdiction* of this district court of the United States…"

3

(ECF No. 1 at 1-2) (emphasis in original). He cites to 28 U.S.C. §§ 1335, 1355, 1397, 2361, and 1333 and Federal Rule of Civil Procedure ("FRCP") 22 for support.

The Report recommends remanding this action to the Family Court in York County, South Carolina because divorce proceedings are strictly reserved to state courts and Defendant has not presented any other proper basis for federal jurisdiction. *See* S.C. Code Ann. § 20-3-50 (recognizing that divorce proceedings fall under the equity jurisdiction of the state courts). After the filing of the Notice of Removal, the Magistrate Judge issued an Order to Show Cause directing Defendant to show cause as to why this case should not be dismissed for lack of jurisdiction. (ECF No. 4). Defendant responded by citing to Rule 22 of the FRCP for the proposition that he is an interpleader. The Report also finds that Rule 22 does not provide a basis for federal jurisdiction. Even if Defendant had a proper basis for jurisdiction, the Report recommends this Court remand this matter because Defendant failed to timely remove it within thirty days of service of a paper providing jurisdiction or within one year of commencement of the state action.

After a thorough review of Defendant's Notice of Removal and the Magistrate Judge's Report, this Court finds the Report correctly concludes this Court lacks jurisdiction over the underlying family court matter. However, Defendant has filed a number of objections to the Report's findings which this Court will address in turn.[2]

---

[2] Defendant's objections are as difficult to comprehend as his Notice of Removal, however, this Court has done its best to decipher his arguments and respond to them in such a way that Defendant may understand why this Court has decided to adopt the Report in full and remand this matter to the Family Court in York County, South Carolina.

4

### a. The Magistrate Judge's *sua sponte* Order remanding this case

Defendant objects to the Magistrate Judge's *sua sponte* Report and Recommendation which opines this Court should remand this matter to the Family Court in York County, South Carolina. Defendant argues the Magistrate Judge had not authority to act *sua sponte* in an attempt to prevent this Court from becoming involved in this matter. Defendant is incorrect.

Federal courts are of constitutionally limited jurisdiction. "The party seeking removal bears the burden of demonstrating removal is proper," *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006), and doubts regarding the propriety of removal are to be resolved in favor of retained state court jurisdiction, *Baxley v. Advance Auto Parts, Inc.*, 2011 WL 586072, at 1 (D.S.C. Feb. 9, 2011). Because removal raises significant federalism concerns, "[i]f federal jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Generally, any civil action brought in state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). Original jurisdiction exists where a claim arises from federal law (federal question jurisdiction), *see* 28 U.S.C. § 1331, or where the amount in controversy exceeds the sum or value of $75,000.00 and the claim is between citizens of different states, *see* 28 U.S.C. § 1332.

Throughout his objections, Defendant claims this Court has federal question and diversity jurisdiction over this case. Defendant never demonstrates how either of these bases for jurisdiction are proper and significantly, is also unable to rebut the Magistrate Judge's finding that divorce proceedings are strictly confined to the state family court. Defendant's only response is that the Magistrate Judge lacked the authority to *sua sponte* issue her Report recommending this Court remand this action. Not only was the Magistrate Judge well within her bounds to make this recommendation, but the Magistrate Judge like this Court has a responsibility to strictly police the jurisdiction of the cases before her. *See Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004) ("questions of subject matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court."). When doing so, the Magistrate Judge learned this Court lacked jurisdiction over this case and as such, she had no choice but to recommend it be remanded to family court. Upon review, this Court finds the Magistrate Judge's recommendation to be correct such that this Court also has no choice but to remand this matter.

Therefore, Defendant's continuing objection to the Magistrate Judge's lack of authority to recommend this matter be remanded is overruled.

**b. Interpleader pursuant to FRCP 22 as a Basis for Jurisdiction**

Throughout his Objections, Defendant argues this Court has jurisdiction over matters in "equity interpleader." (ECF No. 15 at 6). Defendant also dedicates an entire section of his brief to the "legal standard of equity interpleader" wherein he argues that interpleader pursuant to FRCP 22 is a basis for federal jurisdiction. Defendant's arguments

are convoluted and difficult to understand but his primary contention centers on his alleged deposit of funds with this Court. Defendant states "…FRCP Rule 22 Interpleader, there is no jurisdiction requirement of making a deposit of the property in question with the court…Here the deposit and investment have already been made, and additional assignments of a gold contract and tender has been made to this district court in good faith compliance with 50 U.S.C. § 4305(b)(2)." (ECF No. 15 at 6).

The interpleader procedure can be pursued in federal court under two different provisions. Rule 22 of the FRCP functions much like joinder rules and can be invoked only when federal jurisdiction is otherwise established. *See Leimbach v. Allen*, 976 F.3d 912, 916 (4th Cir. 1992). Typically, plaintiffs invoke "rule interpleader" under a court's diversity jurisdiction. See 28 U.S.C. § 1332. Alternatively, an interpleader action can be filed under 28 U.S.C. § 1335 ("statutory interpleader"). Such an action requires (1) minimal diversity between "[t]wo or more adverse claimants," (2) a value of $500 or more in controversy, and (3) a deposit in court by the plaintiff of the amount in dispute or a bond. *See* 28 U.S.C. § 1335(a). "Minimal" diversity means that at least two claimants are not co-citizens, even if others are. *See State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967).

Defendant has failed to demonstrate he has satisfied the requirements under rule interpleader or statutory interpleader. This Court does not have jurisdiction over an action in interpleader simply because Defendant claims it to be so. For rule interpleader, Defendant must demonstrate an alternative basis for jurisdiction which he has failed to do. And for statutory interpleader, Defendant is required to satisfy the requirements which

7

include "minimal diversity" between the parties. Defendant has not made a single reference to the citizenship of himself or Plaintiff in an attempt to satisfy this requirement for statutory interpleader. Furthermore, Defendant frequently refers to disputed funds and the alleged deposit of these funds as the basis for this Court's jurisdiction. However, this Court has not received any deposit in relation to this matter. Even if this Court were to receive a deposit, Defendant's argument would still fail because he cannot satisfy the other requirements associated with rule or statutory interpleader.

Additionally, Defendant argues the Magistrate Judge's dismissal of the other defendants originally named in this case was improper. The Report provides Defendant listed Family Court 16th Judicial Circuit, County of York; Social Security Administration; Treasurer of the United States; Director of the Administrative Office of the United States Courts; and Does 1 through 50 as "Joinder Defendants." But the Report dismissed these defendants because there is no evidence they were parties to the underlying matter. The Report is correct, and Defendant does not necessarily disagree as he argues the Magistrate Judge cannot dismiss these defendants from this "Equity Interpleader" because they each have a pecuniary interest and must appear. Defendant's argument fails for a variety of reasons. First, as a defendant, Defendant may not add additional parties to the litigation. It is well established that the plaintiff has the authority to choose who to name as a defendant in an action and these parties were not named in Defendant's divorce proceeding. Because a defendant has no such power, it is especially improper for Defendant to do so on a notice of removal in a preexisting case from state court.

Although this Court has taken the time to address Defendant's arguments, this Court finds Defendant's objections to be non-specific as he does not point to an error in the Report and merely reiterates his argument for this Court's jurisdiction pursuant to Rule 22. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation); *see also Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection.).

Therefore, Defendant's objection is overruled.

### c. Registry Funds Allegedly Deposited with this Court

Defendant's third objection is also related to the alleged funds he has deposited with this Court. Defendant styles this section of his brief "Tender and Gold Obligations." (ECF No. 15 at 9). Although Defendant's argument spans approximately three pages of his brief, this Court has attempted to summarize the seemingly high points of his objections due to the nature of his argument. Defendant states he has assigned this Court an interest in a gold contract which has created a "Disputed Ownership Fund." *Id.* Accordingly, he now has a claim against the United States for payment of this gold contract which is assignable by 31 U.S.C. § 3727[3] as a government obligation constituting a Tier 1 asset. Defendant argues this claim raises federal questions which are not subject to remand to state court.

---

[3] The Anti-Assignment act, 31 U.S.C. §§ 3727(a)—(b) states in pertinent part: "[A] transfer or assignment of any part of a claim against the United States ... or the authorization to receive payment for any part of the claim ... may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an

9

Defendant fails to point to a specific error within the Report and Recommendation concerning the Magistrate Judge's ruling that this Court lacks jurisdiction over this case. Although he argues the assignment of a gold contract provides this Court with jurisdiction, Defendant's argument is meritless because no such contract exists. Further, Defendant fails to address that this action was removed from a divorce proceeding in family court. Defendant skips over this fact to argue federal question jurisdiction exists due to manufactured issues concerning an alleged gold contract. Defendant's argument fails, and therefore, his objection is overruled.

### d. Defendant is Not a Federal Reserve or Government Agent

The final section of Defendant's brief is styled as "John Whitfield is Not a Federal Reserve or Government Agent." (ECF No. 15 at 13). Defendant argues the funds he deposited with this Court were unlawfully converted into federal reserve notes. As such, he demands this Court redeem the deposited funds for lawful gold coin to be made payable to Angelic Rorrer (a party to the underlying divorce proceeding). Defendant cites to 12

---

official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose." Defendant has failed to demonstrate the applicability of this statute to this case or that he has satisfied the requirements included within the statute.

U.S.C. § 411[4] (statute on federal reserve notes) and 31 U.S.C. § 5118[5] (statute suspending gold standard) as support for his contention.

Defendant's claims have no basis in law. Significantly, they also fail to provide any basis for this Court's jurisdiction over his case. Each of the statutes cited by Defendant for support are definitional only and do not provide any private cause of action which would confer jurisdiction to this Court over Defendant's divorce proceeding. *See Bell v. JP Morgan Chase Bank*, CIV 06-11550, 2007 WL 107833, at *3-4 (E.D. Mich. Jan. 8, 2007) (dismissing complaint for lack of jurisdiction after finding § 5118 definitional and provides no private cause of action); *see also In re Tipton*, 2022 WL 1028026, at *2 (finding 12 U.S.C. §411 does not provide a private cause of action for individual plaintiffs to sue in federal court).

Thus, this Court finds Defendant's arguments are frivolous and his objection is overruled.

---

[4] The Federal Reserve Act of 1913 established the federal reserve system and created the authority to issue federal reserve notes. 12 U.S.C. § 226 *et seq.* 12 U.S.C. § 411 titled "Issuance to reserve banks; nature of obligation; redemption," governs the issuance of Federal Reserve notes and delegates to the Federal Reserve System the power to make clear that such notes are authorized currency of the United States. *See Milam v. United States*, 524 F.2d 629, 630 (9th Cir. 1974) (citing *Juilliard v. Greenman*, 110 U.S. 421, 448 (1884)). This section does not create a private cause of action or in other words, a basis for jurisdiction in this Court.

[5] This statute provides for the suspension of the gold standard as it states "[a]n obligation issued containing a gold clause or governed by a gold clause is discharged on payment (dollar for dollar) in United States coin or currency that is legal tender at the time of payment." § 5118(d). Litigants have argued it requires the government to discharge any personal debts. Unsurprisingly, debt relief claims based on this statute have been universally rejected by every federal court presented with this theory. *Estes v. Toyota Fin. Serv.*, No. 14-CV-1300, 2015 WL 222137, at *5 (E.D.N.Y. Jan. 13, 2015) (collecting cases); *see also Gravatt v. United States,* 100 Fed. Cl. 279, 283, 286-88 (2011)[discussing, and rejecting, the underlying theory]. The statute is definitional only and provides no private right of action.

Ultimately, Defendant fails to assert any proper basis for this Court to exercise jurisdiction over his case. Though he presents a variety of arguments in his objections, Defendant fails to point to a specific error in the Report which would allow this Court to reject the Report and retain this matter. As such, this Court overrules Defendant's objections as frivolous, and finds the Report is correct that this Court does not have jurisdiction over a matter pending in Family Court in York County, South Carolina.

## IV.     CONCLUSION

After a thorough review of the Report and Recommendation, the applicable law, and the filings in this case, this Court adopts the Report (ECF No. 11) in full and remands this matter to the Family Court in York County, South Carolina for lack of jurisdiction.

IT IS SO ORDERED.

October 11, 2023                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                            United States District Judge